# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MEDICA HEALTH PLANS, MEDICA INSURANCE COMPANY, AND MEDICA HEALTH PLANS OF WISCONSIN, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 17-94 C<br>) Judge Horn |
| THE UNITED STATES OF AMERICA, | )<br>)<br>) |
| Defendant. | ) |

## JOINT MOTION TO STAY PROCEEDINGS

Medica Health Plans, Medica Insurance Company, Medica Health Plans of Wisconsin (collectively "Medica"), and the United States of America ("United States") jointly move the Court to stay this action pending further developments in several earlier-filed cases raising similar issues.

## I.  Background

On January 23, 2017, Medica filed this action seeking at least $7,676,566.96 in money damages under Section 1342 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18062, and 45 C.F.R. § 153.510(b). Compl. ¶ 10 [Dkt. No. 1]. The United States' response is currently due on Friday, March 24, 2017.[1]

Eighteen other cases in this Court are currently seeking relief under identical and related legal theories to those asserted by Medica. *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.); *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C (Griggsby, J.); *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.); *Land of Lincoln Mut.*

---

[1] Encompassed in the parties' consensual stay of proceedings is their agreement to stay this deadline for the United States to respond to the Complaint.

*Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.); *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Bruggink, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Williams, J.); *Blue Cross of Idaho Health Serv., Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.); *Blue Cross and Blue Shield of South Carolina v. United States*, No. 16-1501C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.); *Neighborhood Health Plan Inc. v. United States*, No. 16-1659C (Bruggink, J.); *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.); *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C (Braden, J.); and *Molina Healthcare of California, Inc. v. United States*, No. 17-97C (Wheeler, J.).

The first decision was entered in these cases in *Land of Lincoln* on November 10, 2016, and, on November 15, 2016, Land of Lincoln appealed from the judgment entered in that case. Land of Lincoln filed its appellate brief on January 31, 2017, and the United States' appellate brief is due by April 24, 2017. In another case, the Court granted in part and denied in part the United States' motion to dismiss the complaint on jurisdictional grounds in *Health Republic* by order dated January 10, 2017. In a third case, the Court granted summary judgment to the plaintiff in *Moda Health Plan* on the merits on February 9, 2017. Dispositive motions have been filed and are pending in four additional earlier-filed cases referenced above. Dispositive motions have been fully briefed and heard in *First Priority*, *Maine Community Health Options*, and *Montana Health CO-OP*. In *Blue Cross and Blue Shield of North Carolina*, briefing is complete and oral argument on the United States' motion to dismiss is set for April 11, 2017. In *Health*

*Republic*, the Court has certified a class and ordered that the approved notice be distributed to class members by March 15, 2017.

The cases involve several provisions of the ACA as well as complex issues of appropriations law. *See*, *e.g.*, Compl. ¶¶ 4, 5, 7, 12, 95–97, 101–03. The Department of Justice represents the United States in each of these cases, which implicate a total of $8.3 billion for the 2014 and 2015 benefit years. The activity in these earlier-filed cases has consumed substantial resources of the United States since their filing. The importance and complexity of the issues and the amount of public funds at stake would necessitate a similar dedication of resources to this case.

**II.   A Stay Is Proper and Will Conserve Substantial Resources**

The parties propose to stay further activity in this case pending further developments in the presently pending appeal in *Land of Lincoln Mutual Health Insurance Co. v. United States,* No. 17-1224 (Fed. Cir.) and the dispositive motions in the earlier-filed cases. If an appeal is filed in *Moda Health Plan,* No. 16-649C, the disposition of that appeal could also impact the duration of the stay. Because some of the legal issues presented by this case overlap with the issues raised in the earlier-filed cases, the further development of those cases (whether in this Court or on appeal) is likely to be instructive to the parties. A stay therefore will conserve judicial resources and the resources of the parties by potentially reducing the amount of briefing of issues already pending before other judges of this Court.

Furthermore, because of the importance of the issues presented in these cases and the likelihood that each party will consider its full rights to judicial review, the requested stay will not affect the timing of any potential recovery by Medica. A consensual stay has already been

entered in *New Mexico Health Connections*, *BCBSM*, *Minuteman Health*, *Alliant Health Plans*, *Blue Cross and Blue Shield of South Carolina*, and *Neighborhood Health Plan*.

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal punctuation omitted). Indeed, the Supreme Court has recognized that in cases of great complexity and significance, like this one, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, decisions issued by other judges would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256; *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) ("The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The parties seek a time-limited, carefully-monitored stay pending the disposition of similar cases that are—or imminently will be—fully briefed and ripe for disposition in this Court. The parties propose that, if a stay is granted, the parties submit status reports every 45 days (or at another appropriate interval acceptable to the Court) in order to closely monitor the continued utility of the stay.

A stay will allow the Court and the parties to reduce the expenditure of substantial resources while the earlier-filed cases are further developed. In addition, the Court and the parties will benefit from the amplification of the issues through the disposition of those cases.

**III. Conclusion**

For these reasons, the parties request that the Court grant this joint motion and stay this case pending further development of the earlier-filed cases referenced above. In the alternative, if the Court does not grant the requested stay, the United States requests an enlargement of 60 days to respond to the Complaint to May 23, 2017. Medica does not oppose this alternative request.

Respectfully submitted,

Dated: March 10, 2017

CHAD A. READLER
Acting Assistant Attorney General
Civil Division

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

 s/ *Frances M. McLaughlin*
FRANCES M. MCLAUGHLIN
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
Phone (202) 307-0487
Fax (202) 514-9163
Frances.McLaughlin@usdoj.gov
*Attorney for the United States of America*

s/ Doug P. Hibshman
Doug P. Hibshman

5

**Fox Rothschild LLP**
1030 15th Street, NW
Suite 380 East
Washington, DC 20005
Phone: (202) 461-3113
Fax: (202) 461-3102
dhibshman@foxrothschild.com
Attorneys for BCBSM, Inc.

*Of Counsel:*
Jeffrey J. Bouslog (to move for admission *pro hac vice)* (MN ID #174671)
Meghan M.A. Hansen (to move for admission *pro hac vice)* (MN ID #386534)
**Fox Rothschild LLP**
Campbell Mithun Tower
Suite 2000
222 South Ninth Street
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Fax: (612) 607-7100

# CERTIFICATE OF SERVICE

I certify that on March 10, 2017, a copy of the attached Joint Motion to Stay Proceedings was served via the Court's CM/ECF system on Plaintiffs' counsel.

 s/ *Frances M. McLaughlin*
Frances M. McLaughlin
U.S. Department of Justice